STATE OF MAINE
KENNEBEC, ss

KEITH ELLIS,

Plaintiff

v.

FARRIN POWERSPORTS,
LLC,

Defendant

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-10-139
ノ,ч -KE N- 5,24/zo/1

JUDGMENT

The plaintiff alleges that he was wrongfully terminated from employment after he reported to Bryon Farrin, the co-owner of the defendant Farrin Powersports, LLC, that defendant's employee Brandon Farrin threw a tire iron at, and sexually harassed, the plaintiff. After jury-waived trial, the court enters judgment for the defendant.

Findings[1]

---

[1] The court found Bryon Farrin to be credible and accepts his testimony. The plaintiff's version of events differs from Bryon's and is described as follows. The plaintiff testified that Brandon Farrin, who was 16 or 17 years old, would hug the plaintiff and say, "I love you, Uncle Keith." The plaintiff stated he thought this conduct was strange and it made him uneasy. He replied to Brandon, "You can say whatever you want but I do not love you." The plaintiff also stated that he told Brandon to keep his hands to himself and that the plaintiff had better things to do at work.

The plaintiff testified that Brandon stated several times that he loved the plaintiff and that when Brandon was in charge of the business, the plaintiff would be Brandon's "bitch." The plaintiff described an occasion in July 2008 when he was changing oil on a motorcycle. He bent over and Brandon slapped the plaintiff's butt and walked away. Brandon then pointed the air hose at the plaintiff's buttocks area and pulled the trigger. The plaintiff testified that on another occasion, Brandon approached from behind and rubbed his penis on the plaintiff's buttocks. The plaintiff testified that Brandon carved his initials and "I love you Brandon" on the plaintiff's helmet. (Pl.'s Ex. A.)

In late July 2008, the plaintiff stated that he was standing at his workbench and Brandon was standing by the tire machine. The plaintiff stated that a tire iron flew across the room toward him and bounced off his foot. According to the plaintiff, a tire iron flying ten feet from the tire machine does not result form the normal operation of the tire machine. This event was the last straw for the plaintiff. He stated he felt very uncomfortable and violated in some way. He determined to speak to Bryon.

The plaintiff stated that he told Bryon that Brandon threw the tire iron at the plaintiff and that Brandon sexually harassed the plaintiff, including slapping his butt, pointing an air gun at his buttocks, and hugging him. He suggested that Brandon needed a few days off. The

The plaintiff began work as a mechanic for the defendant in 2004. (Def.'s Exs. B-D, showing layout of shop.) He worked 40 hours per week and earned $11.00 per hour. He became a full-time employee when another employee left in 2005. The plaintiff's co-workers were Bryon Farrin, and his son, Brandon Farrin. The plaintiff earned $15.00 per hour when he left employment with the defendant in 2008. (Pl.'s Ex. B.) The plaintiff was 49 years at the time of the alleged incidents resulting in this lawsuit. Brandon was 16 years.

The plaintiff's employment included repairing snowmobiles, motorcycles, and ATVs and changing tires using the tire machine. The tire machine was located approximately ten feet from the plaintiff's bench in the shop.

---

plaintiff stated that Bryon took no action at that time. The plaintiff went to lunch and returned to find Bryon and Brandon at the shop. The plaintiff stated he felt uncomfortable and left. When he returned the next day, Bryon said that he had given Brandon the rest of the week off without pay.

According to the plaintiff, during the next week, Bryon asked during three conversations what he should do with his son. The plaintiff responded that he did not own the business and it was not his place to decide what to do. The plaintiff then stated that he wanted Brandon to remain out of the plaintiff's work area, which encompassed most of the shop, but at least out of his immediate work area near his lift. The plaintiff denied that Bryon offered to install a wall to separate the plaintiff and Brandon.

The plaintiff stated that during the third conversation, on a Thursday, he said that if the atmosphere continued as previously, he would have to look for another job and if he found one, he would give a two-week notice. The plaintiff testified that on Friday, Bryon told the plaintiff he could leave early and "let me go." Bryon stated that the plaintiff could return Monday to pick up his tools and severance pay. On cross-examination, the plaintiff admitted that on Friday, Bryon said he accepted the plaintiff's resignation; Bryon did not say "you're fired." The plaintiff then changed this testimony and stated that Bryon said he accepted his resignation on Monday, not Friday.

The plaintiff called his brother and father to help pick up the tools on Monday. When the three arrived and the plaintiff stated he was ready to work, Bryon said no because he could not guarantee that he could keep his son away from the plaintiff. The plaintiff alleged Bryon stated he could not fire his son and had too much liability to have a sexual harassment lawsuit. On cross-examination, the plaintiff admitted that Bryon said, "you resigned on Friday." The plaintiff agreed Bryon was emotional and crying.

The plaintiff called the unemployment office the next day. He looked for work and documented his work search for 99 weeks. (Pl.'s Ex. C.) When his unemployment benefits ended, he began his own business. He testified he earns $100.00 per week if he is lucky. (Pl.'s Ex. D, pp. 1-2.)

Bryon Farrin has known the plaintiff since the early 1980s and has known the Ellis family since the 1960s. Bryon never saw any confrontation between the plaintiff and Brandon. Bryon believed everyone got along well in the shop.

Bryon agreed spoke with the plaintiff on July 28, 2008. The plaintiff advised that Bryon had to speak to his son and tell him to keep his hands off the plaintiff. The plaintiff alleged further that Brandon had thrown a tire iron at the plaintiff.[2] Bryon did not hear about the helmet incident until he read the complaint filed with the Human Rights Commission.

Bryon was shocked and told the plaintiff to go to lunch and Bryon would speak to Brandon. Bryon asked Brandon if he had thrown a tire iron. Brandon denied doing that and stated that the tire iron came out of his hands. Bryon believed the denial because he knew the tire Brandon was changing and dislodging the tire iron could happen under those circumstances. Brandon agreed that he hugged the plaintiff, called him, "Uncle Keith," and slapped him on the butt.

Bryon determined that Brandon's conduct was inappropriate. Bryon discussed proper etiquette for the workplace. Bryon explained that Brandon might not always work for his father so Brandon could not simply do what he wanted to do. When the plaintiff returned, he saw Brandon and the plaintiff said he was "out of here." Bryon and Brandon finished the rest of the day. Bryon gave Brandon the rest of the week off without pay so Bryon could figure out what was happening.

On Tuesday, July 29, the plaintiff arrived at the shop. Bryon relayed his conversations with Brandon to the plaintiff. Bryon asked what could be done so the three could remain working at the shop. The plaintiff did not want Brandon around.

_____

[2] The plaintiff admitted on cross-examination that he did not see Brandon throw the tire iron; the plaintiff assumed Brandon threw the tire iron.

The plaintiff alleged that Brandon's presence would affect the plaintiff's work. Bryon had never seen any indication that the plaintiff was uncomfortable around Brandon or that his presence affected the plaintiff.

On Wednesday, Bryon and the plaintiff discussed the problem again. Bryon proposed that Brandon would not be at the shop when Bryon was not present. The plaintiff declined this offer because his subconscious would be bothered too much. The plaintiff said this was Bryon's problem and he needed to take care of it. The plaintiff had no suggestions about resolving the problem.

On Thursday, Bryon offered to alter the building by erecting a five-foot wall that would prohibit walking from the sales floor to the shop. The plaintiff declined this solution. The plaintiff's demand was to remove Brandon from the premises. Bryon did not believe that Brandon's conduct was worthy of termination. Bryon had never terminated an employee.

Bryon was running out of answers and reviewed the previous offers to resolve the problem. The plaintiff reiterated that this was Bryon's problem and he had to deal with it. When Bryon stated that he did not know what he could do, the plaintiff said he was giving his notice and needed two weeks to find a job. Bryon was shocked that the plaintiff would leave this job. Bryon decided to think further and to speak to his wife about the problem that evening.

On Friday, Bryon stated to the plaintiff that Bryon wanted to make this work and asked the plaintiff to work with Bryon. The plaintiff declined. Bryon felt he had no choice but to accept the plaintiff's two-week notice because the plaintiff would not work at all with Bryon to resolve the problem. Bryon told the plaintiff he did not have to work the two weeks offered by the plaintiff in his notice. Bryon also said he would pay the plaintiff for the two weeks. Bryon told the plaintiff he would not get a job if he

looked for one at night because the shops would be closed. Bryon told the plaintiff on Friday he could come in Monday and pick up his pay and his tools.

The plaintiff left early on Friday. He then called Bryon and was loud and unhappy. The plaintiff stated there could be a lawsuit but said nothing about his resignation.

The plaintiff arrived on Monday with his father and brother. The plaintiff stated he was there to work. Bryon told the plaintiff he no longer had a job at the shop as of Friday based on his resignation. The plaintiff said that Bryon would have to fire the plaintiff in order for him to leave.

The plaintiff's brother, Glendon Ellis, accompanied the plaintiff on Monday to pick up his tools. Glendon recalled a discussion about erecting a wall and that Bryon was concerned about another incident happening. Glendon recalled that Bryon was in tears because he did not want to lose a good employee. Glendon agreed that the plaintiff "might" have said to Bryon, "if you want me to leave, you have to fire me."

Brandon is now a senior in college and has worked with no problems at DiMillo's for three years. He lives with his girlfriend, a nursing student, in Portland. He did not believe there were problems with the plaintiff before July 2008. He admitted that he hugged the plaintiff and to carving his initials on the plaintiff's helmet. He denied intentionally throwing the tire iron at the plaintiff and denied sexual behavior, including the air gun incident. He agreed he could have slapped the plaintiff's butt as the players do in a football game with a "sports mentality."

Conclusions

The plaintiff has failed to prove that he was terminated improperly from his employment. The plaintiff gave a two-week notice after a week of refusing to work with Bryon to resolve any problems at the shop. Bryon accepted the resignation and

agreed to pay the plaintiff two weeks' severance pay. Concerned about the plaintiff's ability to find a job if he worked during the day, Bryon did not require the plaintiff to work the two weeks for which he was paid.

The entry is

> Judgment is entered in favor of the Defendant, Farrin Powersports, LLC, and against the Plaintiff, Keith Ellis, on the Plaintiff's Amended Complaint.

Date: May 24, 2011

Nancy Mills
Justice, Superior Court

KENN CV-10-139

KEITH ELLIS - PLAINTIFF

Attorney for: KEITH ELLIS
FRANCIS J GRIFFIN JR - RETAINED
JABAR BATTEN RINGER & LALIBERTY
ONE CENTER STREET
WATERVILLE ME 04901-5495

Attorney for: KEITH ELLIS
JASON M JABAR  - RETAINED
JABAR BATTEN RINGER & LALIBERTY
ONE CENTER STREET
WATERVILLE ME 04901-5495


vs
FARRIN POWERSPORTS LLC - DEFENDANT

Attorney for: FARRIN POWERSPORTS LLC
ROBERT STOLT  - RETAINED
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2010-00139


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: OTHER STATUTORY ACTIONS
Filing Date: 07/14/2010

## Docket Events:

07/15/2010 FILING DOCUMENT - COMPLAINT FILED ON 07/14/2010
          Plaintiff's Attorney:  FRANCIS J GRIFFIN JR

07/15/2010 Party(s):  KEITH ELLIS
          ATTORNEY - RETAINED ENTERED ON 07/14/2010
          Plaintiff's Attorney: FRANCIS J GRIFFIN JR

08/10/2010 Party(s):  FARRIN POWERSPORTS LLC
          SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 07/26/2010
          Defendant's Attorney: ROBERT STOLT

08/10/2010 Party(s):  FARRIN POWERSPORTS LLC
          ATTORNEY - RETAINED ENTERED ON 08/02/2010
          Defendant's Attorney: ROBERT STOLT

08/13/2010 Party(s):  FARRIN POWERSPORTS LLC
          MOTION - MOTION TO DISMISS FILED ON 08/13/2010
          Defendant's Attorney: ROBERT STOLT
          WITH PROPOSED ORDER

09/03/2010 Party(s):  KEITH ELLIS
          OTHER FILING - OPPOSING MEMORANDUM FILED ON 09/03/2010
          Plaintiff's Attorney:  FRANCIS J GRIFFIN JR
          OBJECTION TO DEFT'S MOTION TO DISMISS

09/08/2010 Party(s):  FARRIN POWERSPORTS LLC

OTHER FILING - REPLY MEMORANDUM FILED ON 09/08/2010
Defendant's Attorney: ROBERT STOLT
DEF'S REPLY TO PLT'S OBJECTIONS TO DEF'S MOTION TO DISMISS.

09/27/2010 MOTION - MOTION TO AMEND PLEADING FILED ON 09/23/2010
Plaintiff's Attorney:  FRANCIS J GRIFFIN JR
WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING          PLT'S FIRST
MOTION TO AMEND COMPLAINT.

10/01/2010 Party(s):  KEITH ELLIS
OTHER FILING - REPLY MEMORANDUM FILED ON 09/23/2010
Plaintiff's Attorney:  FRANCIS J GRIFFIN JR
MEMORANDUM IN SUPPORT OF PLTF'S MOTION TO AMEND COMPLAINT

10/01/2010 Party(s):  KEITH ELLIS
OTHER FILING - REPLY MEMORANDUM FILED ON 09/23/2010
Plaintiff's Attorney:  FRANCIS J GRIFFIN JR
PLTF'S UPPLEMENTAL MEMORANDUM IN SUPPORT OF PLTF'S OBJECTION TO DEFT'S MOTION TO DISMISS

10/12/2010 Party(s):  FARRIN POWERSPORTS LLC
OTHER FILING - OPPOSING MEMORANDUM FILED ON 10/08/2010
Defendant's Attorney: ROBERT STOLT
TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL
MEMORANDUM

11/04/2010 MOTION - MOTION TO AMEND PLEADING GRANTED ON 11/03/2010
ROBERT E MURRAY JR, JUSTICE
COPIES TO PARTIES/COUNSEL

11/04/2010 Party(s):  FARRIN POWERSPORTS LLC
MOTION - MOTION TO DISMISS DENIED ON 11/03/2010
ROBERT E MURRAY JR, JUSTICE
COPIES TO PARTIES/COUNSEL

11/04/2010 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 11/04/2010
ROBERT E MURRAY JR, JUSTICE

11/15/2010 Party(s):  FARRIN POWERSPORTS LLC
RESPONSIVE PLEADING - ANSWER FILED ON 11/15/2010
Defendant's Attorney: ROBERT STOLT

01/25/2011 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 10/23/2011

01/25/2011 ORDER - SCHEDULING ORDER ENTERED ON 01/25/2011
ROBERT E MURRAY JR, JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
PARTIES/COUNSEL

03/28/2011 Party(s):  KEITH ELLIS
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 03/28/2011
Plaintiff's Attorney:  FRANCIS J GRIFFIN JR
MEDIATION TO TAKE PLACE BEFORE ELLA BROWN, ESQ.

05/16/2011 ORDER - REPORT OF ADR CONF/ORDER FILED ON 05/16/2011
           Defendant's Attorney: ROBERT STOLT
           Plaintiff's Attorney:  FRANCIS J GRIFFIN JR

05/16/2011 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 05/16/2011

05/31/2011 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 05/31/2011
           ROBERT E MURRAY JR, JUSTICE
           "REPORT OF ADR CONFERENCE FILED. CASE IS UNRESOLVED. ORDER/JUDGMENT ENTERED" COPIES TO
           PARTIES/COUNSEL

09/16/2011 Party(s):  KEITH ELLIS
           MOTION - MOTION EXTEND DISCOVERY FILED ON 09/15/2011
           Plaintiff's Attorney:  FRANCIS J GRIFFIN JR
           WITH PROPOSED ORDER

09/16/2011 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 09/16/2011
           NANCY  MILLS , JUSTICE

09/20/2011 Party(s):  KEITH ELLIS
           MOTION - MOTION EXTEND DISCOVERY GRANTED ON 09/19/2011
           NANCY  MILLS , JUSTICE
           COPIES TO PARTIES/COUNSEL                                        EXTENDED TO
           OCTOBER 2, 2011

09/20/2011 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 10/23/2011

11/01/2011 TRIAL - TRAILING LIST SCHEDULED FOR 12/06/2011
           12/6,7,20,21,22

11/07/2011 Party(s):  KEITH ELLIS
           OTHER FILING - ENTRY OF APPEARANCE FILED ON 11/07/2011
           Plaintiff's Attorney:  JASON M JABAR

11/07/2011 Party(s):  KEITH ELLIS
           ATTORNEY - RETAINED ENTERED ON 11/07/2011
           Plaintiff's Attorney: JASON M JABAR

11/07/2011 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 11/07/2011
           ESTIMATED TIME FOR TRIAL IS 1 DAY

11/07/2011 Party(s):  KEITH ELLIS
           MOTION - MOTION TO AMEND PLEADING FILED ON 11/07/2011
           Plaintiff's Attorney:  FRANCIS J GRIFFIN JR
           WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

11/07/2011 Party(s):  FARRIN POWERSPORTS LLC
           OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 11/07/2011
           Defendant's Attorney: ROBERT STOLT

11/07/2011 OTHER FILING - STATEMENT OF TIME FOR TRIAL FILED ON 11/07/2011
           ESTIMATED TIME FOR TRIAL IS 1-2 DAYS

11/28/2011 Party(s): FARRIN POWERSPORTS LLC
MOTION - MOTION SUMMARY JUDGMENT WITHDRAWN ON 11/23/2011
Defendant's Attorney: ROBERT STOLT
WITH PROPOSED ORDER

11/28/2011 Party(s): FARRIN POWERSPORTS LLC
MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 11/23/2011
Defendant's Attorney: ROBERT STOLT
WITH AFFIDAVIT OF BRYON FARRIN, SUPPORTING STATEMENT OF MATERIAL FACTS AND PROPOSED ORDER

11/28/2011 Party(s): FARRIN POWERSPORTS LLC
DISCOVERY FILING - DEPOSITION TRANSCRIPT FILED ON 11/28/2011
Defendant's Attorney: ROBERT STOLT
OF KEITH ELLIS

11/29/2011 Party(s): KEITH ELLIS
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 11/28/2011
Plaintiff's Attorney: FRANCIS J GRIFFIN JR

11/29/2011 Party(s): FARRIN POWERSPORTS LLC
OTHER FILING - OPPOSING MEMORANDUM FILED ON 11/28/2011
Defendant's Attorney: ROBERT STOLT
TO PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT

11/29/2011 Party(s): KEITH ELLIS
MOTION - MOTION IN LIMINE FILED ON 11/28/2011
Plaintiff's Attorney: FRANCIS J GRIFFIN JR
TO SUPPRES CERTAIN TESTIMONY WITH PROPOSED ORDER

11/29/2011 Party(s): KEITH ELLIS
MOTION - MOTION TO CONTINUE FILED ON 11/28/2011
Plaintiff's Attorney: FRANCIS J GRIFFIN JR
WITH PROPOSED ORDER

11/29/2011 OTHER FILING - TRANSCRIPT FILED ON 11/28/2011
DEPOSITION OF: JOSH TURCOTTE, BRANDON FARRIN AND BRYON FARRIN

11/30/2011 Party(s): KEITH ELLIS
MOTION - MOTION TO CONTINUE DENIED ON 11/30/2011
NANCY MILLS , JUSTICE
COPIES TO PARTIES/COUNSEL

12/15/2011 TRIAL - TRAILING LIST NOT REACHED ON 12/15/2011
NEXT CIVIL LIST

12/15/2011 Party(s): FARRIN POWERSPORTS LLC
RESPONSIVE PLEADING - RESPONSE FILED ON 12/15/2011
Defendant's Attorney: ROBERT STOLT
TO PLAINTIFF'S MOTION IN LIMINE TO SUPPRESS CERTAIN TESTIMONY

12/20/2011 Party(s): KEITH ELLIS
RESPONSIVE PLEADING - RESPONSE FILED ON 12/19/2011
Plaintiff's Attorney: FRANCIS J GRIFFIN JR

TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING STATEMENT OF MATERIAL FACT WITH ADDITIONAL STATEMENT OF MATERIAL FACT

12/21/2011 TRIAL - TRAILING LIST SCHEDULED FOR 01/18/2012

12/21/2011 TRIAL - TRAILING LIST NOTICE SENT ON 12/19/2011

12/21/2011 TRIAL - BENCH SCHEDULED FOR 01/20/2012 at 09:00 a.m.

12/28/2011 Party(s): FARRIN POWERSPORTS LLC
          RESPONSIVE PLEADING - RESPONSE FILED ON 12/28/2011
          Defendant's Attorney: ROBERT STOLT
          TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DEFENDANT'S REPLY TO
          PLAINITFF'S SUPPORTING STATEMENT OF MATERIAL FACTS AND PROPOSED ORDER.

01/11/2012 TRIAL - BENCH NOTICE SENT ON 01/11/2012

01/23/2012 TRIAL - BENCH HELD ON 01/20/2012
          NANCY  MILLS , JUSTICE
          Defendant's Attorney: ROBERT STOLT
          Plaintiff's Attorney:  FRANCIS J GRIFFIN JR

02/23/2012 TRIAL - TRAILING LIST HELD ON 01/20/2012

02/23/2012 TRIAL - TRAILING LIST HELD ON 01/20/2012

05/16/2012 CASE STATUS - DECISION UNDER ADVISEMENT ON 05/16/2012
          NANCY  MILLS , JUSTICE

05/30/2012 FINDING - JUDGMENT DETERMINATION ENTERED ON 05/24/2012
          NANCY  MILLS , JUSTICE
          JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, FARRIN POWERSPORTS, LLC, AND AGAINST THE
          PLAINCOUNSEL

          ORDER - COURT JUDGMENT ENTERED ON 05/24/2012
          NANCY  MILLS , JUSTICE
          JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, FARRIN POWERSPORTS, LLC, ANDAGAINST THE
          PLAINTIFF, KEITH ELLIS, ON THE PLAINTIFF'S AMENDED COMPLAINT.  COPIES TO ATTYS. OF RECORD.

05/30/2012 ORDER - COURT JUDGMENT COPY TO REPOSITORIES ON 05/30/2012

A TRUE COPY
ATTEST:  _____
                    Clerk